# EXHIBIT "D"

 **PALM BEACH** COUNTY

**JOSEPH ABRUZZO** CLERK OF THE CIRCUIT COURT AND COMPTROLLER



 FLORIDA'S CLERKS OF COURT AND COMPTROLLERS Bring You **ccis** COMPREHENSIVE CASE INFORMATION SYSTEM

eportaluser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 502022CA008764XXXXMB [502022CA008764XXXXMB] | 09/07/2022 | | PALM BEACH | DISCRIMINATION EMPLOYMNT OTHER | Open | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 09/07/2022 | DISCRIMINATION EMPLOYMNT/OTHER | NO | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| CHEESMAN, MAXINE D | JUDGE | | |
| BECKERMAN, JONATHAN A | ATTORNEY | | |
| ABBOTT, ZASCHA B | ATTORNEY | | |
| JAGGERS, ROBERT F III | PLAINTIFF | SCHOFIELD, ARTHUR THOMAS | 984434 |
| FROST & SULLIVAN | DEFENDANT | ABBOTT, ZASCHA BLANCO | 614671 |
| SCHOFIELD, ARTHUR T ESQ | ATTORNEY | | |

**Dockets**

Page : 1 [ ] [ ] [ALL ▾]

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 12 | 11/01/2022 | NOTICE OF APPEARANCE CIVIL | 1 |
| | 11 | 11/01/2022 | NOTICE OF APPEARANCE CIVIL; OF COUNSEL AND DESIGNATION OF EMAIL ADDRESSES F/B ATTY ABBOTT OBO DFT | 1 |
| | 10 | 10/26/2022 | WAIVER; OF SERVICE OF PROCESS - SENT BY ATTY ZASCHA ABBOT OBO DFT - F/B PLT | 1 |
| | 9 | 10/26/2022 | NOTICE OF EMAIL DESIGNATION; F/B ATTY ARTHUR SCHOFIELD OBO PLT | 1 |
| | 8 | 10/17/2022 | PAID $10,00 ON RECEIPT 4647538; $10,00; 4647538; Fully Paid | 1 |
| | 7 | 10/14/2022 | ALIAS SUMMONS ISSUED; aschofield@flalabor,com;main@flalabor.com; AS TO FROST & SULLIVAN EFILED | 1 |
| | 6 | 10/14/2022 | SERVICE RETURN- NOT SERVED; ON 10/14/22 AS TO FROST & SULLIVAN | 1 |
| | 5 | 09/08/2022 | PAID $411,00 ON RECEIPT 4605726; $411,00; 4605726; Fully Paid | 1 |
| | 4 | 09/07/2022 | SUMMONS ISSUED; aschofield@flalabor.com;rmain@flalabor.com; FROST & SULLIVAN SERVED | 1 |
| | 3 | 09/07/2022 | COMPLAINT; F/B PLTF | 1 |
| | 2 | 09/07/2022 | CIVIL COVER SHEET | 1 |
| | 1 | 09/08/2022 | DIVISION ASSIGNMENT; AJ: Circuit Civil Central - AJ (Civil) | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

1/1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Robert F Jaggers III</u>
 Plaintiff

Case # _____
Judge _____

vs.
<u>Frost and Sullivan</u>
 Defendant

---

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

 <u>1</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Arthur T Schofield</u>    Fla. Bar # <u>984434</u>
   Attorney or party       (Bar # if attorney)

<u>Arthur T Schofield  </u>    <u>09/07/2022</u>
 (type or print name)     Date

- 3 -

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.:

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff ROBERT F. JAGGERS, III ("JAGGERS"), by and through the undersigned counsel, files this Complaint against Defendant FROST & SULLIVAN ("F&S") and alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff JAGGERS, the former Senior Global Director of Brand and Demand brings suit under the Florida Whistle Blower Act to redress the retaliatory actions Defendant F&S took towards him following his objection to F&S's violations of law, including but not limited to, General Data Protection Regulations, the Data Protection Law Enforcement Directives of the European Commission and New York privacy laws.

### JURISDICTION AND VENUE

2.     This is an action for damages exceeding $30,000.00.

3.     All material acts and occurrences described herein took place in Palm Beach County, Florida.

4.     Plaintiff JAGGERS was, at all times material hereto, a resident of Palm Beach County, Florida.

5.     Defendant F&S is a foreign corporation operating in Palm Beach County, Florida.

## FACTS

6.      JAGGERS was first employed by F&S in October 2016 and held various positions within F&S over his near six (6) years of employment, the last position being that of Senior Global Director of Brand and Demand.

7.      JAGGERS' performance in all the positions he held exceeded the expectations of F&S which is evidenced through his continued growth and added responsibilities with the company.

8.      Most recently, JAGGERS was one of the top four revenue producers globally for F&S and on April 27, 2022, had been awarded the Chairman's Club for achieving $2.4M in revenue on a $1.8M target.

9.      JAGGERS also recently received a significant raise of $20,000.

10.     These achievements and accolades gave JAGGERS no reason to think that his employment was in jeopardy, yet, on May 6, 2022, without reason or explanation, JAGGERS was summarily terminated from his employment.

11.     The events preceding this decision led to the clear conclusion that he was terminated for objecting to and opposing illegal activities taking place within F&S.

12.     More specifically, JAGGERS had several conversations with Gary Robbins, the person who terminated his employment, about his concerns that F&S was selling its clients fraudulent information.

13.     The fraudulent information stemmed from the Pipeline Accelerator lead generation product at F&S and, more specifically, the "leads" or "contacts" being sold to clients generated by third parties that was known to be fraudulent or falsified data.

14.     Further, even the legitimate leads from third parties had not been directed to the F&S website to agree to the terms and conditions that would be passed on to the client.

15.     JAGGERS reasonably believed this to be in violation of the General Data Protection Regulation ("GDPR"), a European Union ("EU") data privacy law that was adopted April 2016 (effective date of May 25, 2018).

16.     Although the GDPR is intended to protect the personal information and data security of EU citizens and residents, it can apply to organizations that do not have locations or employees in the EU, including U.S. businesses like F&S.

17.     The GDPR is designed to protect the personal data of people in the EU, regardless of where their data is collected, used, or stored. Article 3.2 of the GDPR states that the law applies to organizations outside the EU if they offer goods or services to people in the EU or monitor the online behavior of people in the EU

18.     Because F&S offered goods or services to people in the EU and tracked the online activity of people in the EU, it was required to comply with the GDPR.

19.     F&S provided goods or services to people in the EU as it took steps to cater to EU customers.

20.     F&S monitored the online behavior of people in the EU in that it used web tools that allow it track cookies or the IP addresses of Europeans who visit its website(s).

21.     JAGGERS also reasonable believed that F&S was in violation of California's Privacy Laws.  More specifically:

ARTICLE 1.8. Restrictions On Unsolicited Commercial E-mail Advertisers [17529 - 17529.9] ( Article 1.8 added by Stats. 2003, Ch. 487, Sec. 1.)

17529.5.

(a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
(1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
(2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
(3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message

22.     JAGGERS also reasonable believed that F&S was in violation of Florida's SPAM Laws.  More specifically:

668.603   Prohibited activity.—A person may not:

(1)   Initiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state or to an electronic mail address that is held by a resident of this state which:

(a)   Uses a third party's Internet domain name without permission of the third party;

(b)   Contains falsified or missing routing information or otherwise misrepresents, falsifies, or obscures any information in identifying the point of origin or the transmission path of the unsolicited commercial electronic mail message;

(c)   Contains false or misleading information in the subject line; or

(d)   Contains false or deceptive information in the body of the message which is designed and intended to cause damage to the receiving device of an addressee or of another recipient of the message. However, this section does not apply to electronic mail messages resulting from or created by a computer virus which are sent or retransmitted from a computer or other electronic device without the sender's knowledge or consent.

(2)   Distribute software or any other system designed to falsify missing routing information identifying the point of origin or the transmission path of the commercial electronic mail message.

23.     Mr. Robbins was aware of JAGGERS' intent to share his concerns with the CEO, Darrell Huntsman, and the Vice-President of Sales, John Ruggles, during a meeting scheduled for May 16, 2022.

24.     JAGGERS was prevented from doing so. On May 4, 2022, again without reason or explanation, Mr. Robbins informed JAGGERS that he was to attend the May 16, 2022 meeting virtually despite long-established plans for attendance in-person.

25.     Then, just two days later, Mr. Robbins called JAGGERS to inform him that his employment was terminated and, again, with no reason or justification provided.

26.     JAGGERS has retained the undersigned law firm and agreed to pay a reasonable fee for legal services and representation through the litigation.

27.     All conditions precedent have been satisfied and/or waived.

## COUNT I
### (Violation of the Florida Whistle Blower Act)

28.     Plaintiff JAGGERS realleges and adopts by reference ¶¶ 1-27 as if fully set forth herein.

29.     Plaintiff JAGGERS engaged in legally protected activity pursuant to the Florida Whistle Blower Act, Section 448.102(3) of the Florida Statues, when he objected and/or opposed activities and/or practices of F&S that violated the law and/or that he had a good-faith reasonable belief violated the law, including but not limited to General Data Protection Regulations, the Data Protection Law Enforcement Directives of the European Commission and New York privacy laws.

30.     In response to Plaintiff JAGGERS' legally protected activity, F&S took retaliatory adverse employment actions by terminating his employment.

31.     As a result of the retaliatory adverse employment actions, Plaintiff JAGGERS lost wages and the other benefits associated with his employment at F&S. He also suffered non-economic damages such as humiliation, embarrassment and emotional pain and suffering.

WHEREFORE, Plaintiff JAGGERS demands judgment against F&S for lost wages and benefits associated with his employment, actual damages, compensatory/non-economic damages, attorney's fees and costs, injunctive relief, and any such other relief this Court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fla.R.Civ.P. 1.430(b), Plaintiff JAGGERS hereby demands a trial by jury on all issues triable of right by a jury.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
Telephone: (561) 655-4211
Facsimile: (561) 655-5447
Fla. Bar No. 984434
E-mail: aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF

ARTHUR T. SCHOFIELD, P.A. │ Via Jardin │ 330 Clematis Street │ Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com

6

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.:

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on
Defendant:

**FROST & SULLIVAN,**
**a foreign corporation,**
By Service Upon:
Vice President of Business Development
ROSEMARY WINTERS
1395 Brickell Avenue, Suite 800
Miami, Florida 33130

Defendant is required to serve written defenses to the complaint or petition on PLAINTIFF'S ATTORNEY
**Arthur Schofield, Esq., Florida Bar No. 984434, ARTHUR T. SCHOFIELD, P.A., Via Jardin**
**Building, 330 Clematis Street, Suite 207, West Palm Beach, FL 33401, Tel: (561) 655-4211 Fax:**
**(561) 655-5447** within 20 days after service of this summons on that respondent, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this court either before service on petitioner's
attorney or immediately thereafter.  If respondent fails to do so, a default will be entered against that respondent
for the relief demanded in the complaint or petition.

Sep 08 2022

CLERK JOSEPH ABRUZZO
As Clerk of Said Court



By:_____

Deputy Clerk

GINA BRIMMER D.C.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the A.D.A. Coordinator in the Administrative Office of the Court, 205 North Dixie Highway, Room 5.2500, West Palm Beach, FL 33401, Telephone number (561) 355-2431, within two (2) working days of your receipt of this Summons. If you are hearing or voice impaired, please call 1-880-955-8771.**

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of the Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must mail or take a copy of your written response to the attorney named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORANT

Des poursuites judiciares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases.  This Court has adopted a case management system to help meet those guidelines.  In contested cases, the parties are required to participate in the case management system.  The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court.  The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1]  The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint.  If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex.  Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

     3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

     **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT

4605726

Printed On:
09/08/2022 02:56
Page 1 of 1

| Receipt Number: 4605726 - Date 09/08/2022  Time 2:56PM | | | |
|---|---|---|---|
| **Received of:** | Arthur T. Schofield, P.A. 330 Clematis Street Suite 207 West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 10969099 | **Remaining Balance:** | 0.00 |
| **Division:** | AJ: Circuit Civil Central - AJ(Civil) | | |

| Case# 50-2022-CA-008764-XXXX-MB -- PLAINTIFF/PETITIONER: JAGGERS, ROBERT F III | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | ███████ | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

## RETURN OF NON-SERVICE

| | | |
|---|---|---|
| State of Florida | County of Palm Beach | 15th Judicial Circuit Court |

Case Number: 502022CA008764XXXXMB

Plaintiff: **ROBERT F. JAGGERS, III**
vs.
Defendant: **FROST & SULLIVAN, A FOREIGN CORPORATION,**

For:
Arthur Schofield
ARTHUR T. SCHOFIELD, P.A.
330 Clematis Street
Suite 207
West Palm Beach, FL 33401

Received by Coast to Coast Process Service, Inc. on the 8th day of September, 2022 at 3:09 pm to be served on **FROST & SULLIVAN, A FOREIGN CORPORATION BY SERVICE UPON: VICE PRESIDENT OF BUSINESS DEVELOPMENT ROSEMARY WINTERS, 1395 BRICKELL AVE., SUITE 800, MIAMI, FL 33130**.

I, RAMON QUIROZ, do hereby affirm that on the **4th day of October, 2022** at **1:10 pm, I:**

**NON-SERVED** the **SUMMONS, COMPLAINT AND CIVIL COVER SHEET** for the reason that I failed to find **FROST & SULLIVAN, A FOREIGN CORPORATION BY SERVICE UPON: VICE PRESIDENT OF BUSINESS DEVELOPMENT ROSEMARY WINTERS** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
10/4/2022  1:10 pm  Attempted Service at 6645 SW 118th St., Miami, FL 33156, however a Cacausian man in his 60's, looked through the window and stated that Rosemary wasn't here. He moved away from the window and never came back.
10/3/2022  1:32 pm  Attempted service at 1395 BRICKELL AVE., SUITE 800, MIAMI, FL  33130, however I spoke to Maria again from Quest Workspace and she stated Rosemary is not in. She has not seen her. She attempted to call her and she did not pick up.
9/29/2022  1:42 pm  Attempted service at 6645 SW 118TH ST., MIAMI, FL  33156, however I'm unable to reach the front door as the property is gated and locked. No answer at the doorbell at the gate. Same Audi is parked in the driveway. I called Rosmary at 305-772-8859 but she did not pick up.
9/24/2022  6:07 pm  Attempted service at 6645 SW 118TH ST., MIAMI, FL  33156, however residence is gated. I rung the doorbell on the gate but there was no response. A blue Audi FL tag# 1969-ZL1 registered to Richard Winters was parked in the driveway. I will re-attempt.
9/15/2022  1:07 pm  Attempted service at 1395 BRICKELL AVE., SUITE 800, MIAMI, FL  33130, however receptionist called Rosemary and Rosemary stated she is not in her office space and is hardly ever in the office. She wasn't very nice to the receptionist over the phone. Rosemary Winters phone number is 305-772-8859. Per instructions personal service is needed. Please advise?
9/9/2022  2:54 pm  Attempted service at 1395 BRICKELL AVE., SUITE 800, MIAMI, FL  33130, however Quest Workspace is at given address. I spoke to Maria the receptionist from Quest work space. She states Subject does lease a space here. She attempted to call Rosemary but there was no answer. I will re-attempt.

## <u>RETURN OF NON-SERVICE For 502022CA008764XXXXMB</u>

I certify that I am over the age of 18, have no interest in the above action, and have proper authority in the jurisdiction in which this service was effected. Under the penalty of perjury, I declare I have read the foregoing documents and the facts stated in it are true to the best of my knowledge. I am a Certified Process Server, in good standing, in the judicial circuit in which the process was served and no Notary is required under F.S.S. 92.525 (2).

**RAMON QUIROZ**
SPS #1596 / #10018

**Coast to Coast Process Service, Inc.**
**4302 HOLLYWOOD BLVD., #293**
**HOLLYWOOD, FL 33021**
**(786) 715-9299**

Our Job Serial Number: CTZ-2022002126

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

**ALIAS SUMMONS**

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action
on Defendant:

**FROST & SULLIVAN,**
**a foreign corporation,**
By Service Upon:
Senior Vice President, Global Marketing
VICTORIA DIAZ JORDA
2674 Oakbrook Drive
Weston, Florida 33332

Defendant is required to serve written defenses to the complaint or petition on PLAINTIFF'S ATTORNEY
**Arthur Schofield, Esq., Florida Bar No. 984434, ARTHUR T. SCHOFIELD, P.A., Via Jardin**
**Building, 330 Clematis Street, Suite 207, West Palm Beach, FL 33401, Tel: (561) 655-4211**
**Fax: (561) 655-5447** within 20 days after service of this summons on that respondent, exclusive of the
day of service, and to file the original of the defenses with the Clerk of this court either before service on
petitioner's attorney or immediately thereafter. If respondent fails to do so, a default will be entered against
that respondent for the relief demanded in the complaint or petition.

Oct 17 2022

JOSEPH ABRUZZO
As Clerk of Said Court

By: *Blake Smith*
_____
Deputy Clerk

BLAKE SMITH

[Court Seal]

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of the Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must mail or take a copy of your written response to the attorney named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona

denominada abajo como "plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## <u>IMPORANT</u>

    Des poursuites judiciares ont ete entreprises contre vous, Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de pendre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis alterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

    Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expendier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

 

_____
**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

# RECEIPT
4647538

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
10/17/2022 09:32
Page 1 of 1

| Receipt Number: 4647538 - Date 10/17/2022 Time 9:32AM | | | |
|---|---|---|---|
| **Received of:** | Arthur T. Schofield, P.A. | | |
| | 330 Clematis Street | | |
| | Suite 207 | | |
| | West Palm Beach, FL 33401 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 11013006 | **Remaining Balance:** | 0.00 |
| **Division:** | AJ: Circuit Civil Central - AJ(Civil) | | |

| Case# 50-2022-CA-008764-XXXX-MB -- PLAINTIFF/PETITIONER: JAGGERS, ROBERT F III | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | ████████ | 10.00 |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

**NOTICE OF E-MAIL DESIGNATION IN
COMPLIANCE WITH FLORIDA RULES
OF JUDICIAL ADMINISTRATION 2.516**

     Please take notice that ARTHUR T. SCHOFIELD, P.A. hereby enters its Notice of E-mail
Designation pursuant to Florida Rules of Judicial Administration 2.516.  The following e-mail addresses
are designated for service of pleadings and documents in this lawsuit.

      **Primary E-mail:**         **aschofield@flalabor.com**

      **Secondary E-mail:**        **rmain@flalabor.com**

**<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
electronic service via the Florida Courts E-filing Portal, in accordance with Administrative Order No.
AOSC13-49, and/or via email to: Zascha Abbott, Esq., Zascha.Abbott@lewisbrisbois.com,  LEWIS
BRISBOIS, 110 S.E. 6th Street, Suite 2600, Fort Lauderdale, Florida 33301, on this 26th day of October
2022.

           /s/ Arthur Schofield, Esq.
           ARTHUR T. SCHOFIELD, P.A.
           Via Jardin Building
           330 Clematis Street, Suite 207
           West Palm Beach, Florida 33401
           Telephone: (561) 655-4211
           Facsimile: (561) 655-5447
           Fla. Bar No. 984434
           E-mail: aschofield@flalabor.com

           ATTORNEY FOR PLAINTIFF

ARTHUR T. SCHOFIELD, P.A. │Via Jardin │ 330 Clematis Street │Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 10/26/2022 09:09:05 AM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

     Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

     Defendant.

_____/

## WAIVER OF SERVICE OF PROCESS

TO: Arthur Schofield, Esq.

I acknowledge receipt of your request that I waive service of process in the lawsuit of Robert F. Jaggers, III v. FROST & SULLIVAN in the Circuit Court in and for Palm Beach County, Florida. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that FROST & SULLIVAN be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

COUNSEL FOR FROST & SULLIVAN

FROST & SULLIVAN will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

---

ARTHUR T. SCHOFIELD, P.A. │ Via Jardin │ 330 Clematis Street │ Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on this 24<u>th</u> day of October 2022

*Zascha B. Abbott*

Zascha Abbott, Esq.

ATTORNEY FOR DEFENDANT

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

## IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY FLORIDA

**ROBERT F. JAGGERS, III,**                    CASE NO.:50-2022-CA-8764-XXXXMB

    **Plaintiff,**

**v.**

**FROST & SULLIVAN,**
**a foreign corporation,**

    **Defendant.**
_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

    Defendant, **FROST & SULLIVAN** ("Defendant"), hereby gives notice of the appearance

of Zascha Abbott, Esq., of the law firm of **LEWIS BRISBOIS BISGAARD & SMITH LLP**, 110

SE 6th Street, Suite 2600, Fort Lauderdale, Florida 33301, as Counsel for Defendant in this action.

Please forward all pleadings, notices and correspondence to the undersigned.

    Primary Email Address:    Zascha.Abbott@lewisbrisbois.com

    Secondary Email Addresses:  ftlemaildesig@lewisbrisbois.com
                          Beatrisa.Berlovan-Martinez@lewisbrisbois.com

    **Dated**: November 1, 2022      Respectfully submitted,

                               /s/ *Zascha Abbott*
                               Zascha Abbott (FBN 614671)
                               Zascha.Abbott@lewisbrisbois.com
                               **Lewis Brisbois Bisgaard & Smith LLP**
                               110 SE 6th Street, Suite 2600
                               Fort Lauderdale, Florida 33301
                               Telephone: 954-728-1280
                               Facsimile: 954.728.1282

                               *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on 1st day of  November, 2022, a true and correct copy of the

foregoing was filed with the Clerk of the Court using the Florida Courts E-Filing Portal and served

by electronic mail via the Florida Courts E-Filing Portal upon all counsel of record.


<u>*/s/Zascha Abbott*</u>
Zascha Abbott, Esq.

Case 9:22-cv-81843-AMC   Document 1-5   Entered on FLSD Docket 11/23/2022   Page 32 of 52

**IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA**

**ROBERT F. JAGGERS, III,**                    CASE NO.:50-2022-CA-8764-XXXXMB

      **Plaintiff,**

**v.**

**FROST & SULLIVAN,**
**a foreign corporation,**

      **Defendant.**

_____/

**NOTICE OF APPEARANCE OF COUNSEL
AND DESIGNATION OF EMAIL ADDRESSES**

      Defendant, **FROST & SULLIVAN** ("Defendant"), hereby gives notice of the appearance

of Jonathan A. Beckerman, Esq., of the law firm of **LEWIS BRISBOIS BISGAARD & SMITH**

**LLP**, 110 SE 6th Street, Suite 2600, Fort Lauderdale, Florida 33301, as Counsel for Defendant in

this action. Please forward all pleadings, notices and correspondence to the undersigned.

      Primary Email Address:       Jonathan.Beckerman@lewisbrisbois.com

      Secondary Email Addresses:  ftlemaildesig@lewisbrisbois.com
                                 Steffani.Maitland@lewisbrisbois.com

      **Dated**: November 1, 2022       Respectfully submitted,

                                     /s/ *Jonathan A. Beckerman*
                                     Jonathan A. Beckerman (FBN 0568252)
                                     Jonathan.Beckerman@lewisbrisbois.com
                                     **Lewis Brisbois Bisgaard & Smith LLP**
                                     110 SE 6th Street, Suite 2600
                                     Fort Lauderdale, Florida 33301
                                     Telephone: 954-728-1280
                                     Facsimile: 954.728.1282

                                     *Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on 1st day of  November, 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Florida Courts E-Filing Portal and served by electronic mail via the Florida Courts E-Filing Portal upon all counsel of record.

<u>*/s/ Jonathan A. Beckerman*</u>
Jonathan A. Beckerman, Esq.

**From:** Renae Main <rmain@flalabor.com>
**Sent:** Monday, October 24, 2022 2:49 PM
**To:** Abbott, Zascha <Zascha.Abbott@lewisbrisbois.com>
**Cc:** Arthur Schofield <aschofield@flalabor.com>
**Subject:** [EXT] SERVICE OF COURT DOCUMENTS, Case No. 502022CA008764XXXXMB AJ


Court: 15th Judicial Circuit
Case Number: 502022CA008764XXXXMB AJ
Plaintiff: Robert F. Jaggers, III
Defendant: Frost & Sullivan
Title of Document:
1. Plaintiff's Notice of Commencement of Action with Waiver of Service of Process
2. Complaint
3. Standing Order for Case Management
Sender's Name: Renae Main for Arthur Schofield, Esq.
Sender's Phone: (561) 655-4211


*Renae Main*

Renae Main, Paralegal
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, FL 33401
(561) 655-4211 Fax: (561) 655-5447
e-mail: rmain@flalabor.com
www.flalabor.com

*************************************************************************************
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
*************************************************************************************

1

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

## NOTICE OF COMMENCEMENT OF ACTION

    TO: FROST & SULLIVAN and/or Zascha Abbott, Esq.

    A lawsuit has been commenced against FROST & SULLIVAN. A copy of the complaint is attached to this notice. The complaint has been filed in the Circuit Court for the 15th Judicial Circuit, in and for Palm Beach County, Florida and has been assigned case no. 502022CA008764XXXXMB AJ.

    This is not a formal summons or notification from the court but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. FROST & SULLIVAN will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic service via the Florida Courts E-Filing Portal, in accordance with Administrative Order No. AOSC13-49, and/or via email to: Zascha Abbott, Esq, Zascha.Abbott@lewisbrisbois.com, LEWIS BRISBOIS, 110 S.E. 6th Street, Suite 2600, Fort Lauderdale, FL 33301, on this 24th day of October 2022.

/s/ Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
Ph: (561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
Primary e-mail: aschofield@flalabor.com
Secondary e-mail: rmain@flalabor.com

ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

       Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

       Defendant.

_____/

## **WAIVER OF SERVICE OF PROCESS**

       TO: Arthur Schofield, Esq.

       I acknowledge receipt of your request that I waive service of process in the lawsuit of Robert F. Jaggers, III v. FROST & SULLIVAN in the Circuit Court in and for Palm Beach County, Florida. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

       I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that FROST & SULLIVAN be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

       If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

       COUNSEL FOR FROST & SULLIVAN

       FROST & SULLIVAN will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on this 24th day of October 2022

_____

Zascha Abbott, Esq.

ATTORNEY FOR DEFENDANT

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.:

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff ROBERT F. JAGGERS, III ("JAGGERS"), by and through the undersigned counsel, files this Complaint against Defendant FROST & SULLIVAN ("F&S") and alleges as follows:

### **NATURE OF THE ACTION**

1.     Plaintiff JAGGERS, the former Senior Global Director of Brand and Demand brings suit under the Florida Whistle Blower Act to redress the retaliatory actions Defendant F&S took towards him following his objection to F&S's violations of law, including but not limited to, General Data Protection Regulations, the Data Protection Law Enforcement Directives of the European Commission and New York privacy laws.

### **JURISDICTION AND VENUE**

2.     This is an action for damages exceeding $30,000.00.

3.     All material acts and occurrences described herein took place in Palm Beach County, Florida.

4.     Plaintiff JAGGERS was, at all times material hereto, a resident of Palm Beach County, Florida.

5.     Defendant F&S is a foreign corporation operating in Palm Beach County, Florida.

## FACTS

6.      JAGGERS was first employed by F&S in October 2016 and held various positions within F&S over his near six (6) years of employment, the last position being that of Senior Global Director of Brand and Demand.

7.      JAGGERS' performance in all the positions he held exceeded the expectations of F&S which is evidenced through his continued growth and added responsibilities with the company.

8.      Most recently, JAGGERS was one of the top four revenue producers globally for F&S and on April 27, 2022, had been awarded the Chairman's Club for achieving $2.4M in revenue on a $1.8M target.

9.      JAGGERS also recently received a significant raise of $20,000.

10.     These achievements and accolades gave JAGGERS no reason to think that his employment was in jeopardy, yet, on May 6, 2022, without reason or explanation, JAGGERS was summarily terminated from his employment.

11.     The events preceding this decision led to the clear conclusion that he was terminated for objecting to and opposing illegal activities taking place within F&S.

12.     More specifically, JAGGERS had several conversations with Gary Robbins, the person who terminated his employment, about his concerns that F&S was selling its clients fraudulent information.

13.     The fraudulent information stemmed from the Pipeline Accelerator lead generation product at F&S and, more specifically, the "leads" or "contacts" being sold to clients generated by third parties that was known to be fraudulent or falsified data.

14.     Further, even the legitimate leads from third parties had not been directed to the F&S website to agree to the terms and conditions that would be passed on to the client.

15.     JAGGERS reasonably believed this to be in violation of the General Data Protection Regulation ("GDPR"), a European Union ("EU") data privacy law that was adopted April 2016 (effective date of May 25, 2018).

16.     Although the GDPR is intended to protect the personal information and data security of EU citizens and residents, it can apply to organizations that do not have locations or employees in the EU, including U.S. businesses like F&S.

17.     The GDPR is designed to protect the personal data of people in the EU, regardless of where their data is collected, used, or stored. Article 3.2 of the GDPR states that the law applies to organizations outside the EU if they offer goods or services to people in the EU or monitor the online behavior of people in the EU

18.     Because F&S offered goods or services to people in the EU and tracked the online activity of people in the EU, it was required to comply with the GDPR.

19.     F&S provided goods or services to people in the EU as it took steps to cater to EU customers.

20.     F&S monitored the online behavior of people in the EU in that it used web tools that allow it track cookies or the IP addresses of Europeans who visit its website(s).

21.     JAGGERS also reasonable believed that F&S was in violation of California's Privacy Laws.  More specifically:

ARTICLE 1.8. Restrictions On Unsolicited Commercial E-mail Advertisers [17529 - 17529.9] ( Article 1.8 added by Stats. 2003, Ch. 487, Sec. 1.)

17529.5.

   (a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
   (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
   (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
   (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message

22.     JAGGERS also reasonable believed that F&S was in violation of Florida's SPAM Laws.  More specifically:

668.603   Prohibited activity.—A person may not:

(1)   Initiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state or to an electronic mail address that is held by a resident of this state which:

(a)   Uses a third party's Internet domain name without permission of the third party;

(b)   Contains falsified or missing routing information or otherwise misrepresents, falsifies, or obscures any information in identifying the point of origin or the transmission path of the unsolicited commercial electronic mail message;

(c)   Contains false or misleading information in the subject line; or

(d)   Contains false or deceptive information in the body of the message which is designed and intended to cause damage to the receiving device of an addressee or of another recipient of the message. However, this section does not apply to electronic mail messages resulting from or created by a computer virus which are sent or retransmitted from a computer or other electronic device without the sender's knowledge or consent.

(2)   Distribute software or any other system designed to falsify missing routing information identifying the point of origin or the transmission path of the commercial electronic mail message.

23.   Mr. Robbins was aware of JAGGERS' intent to share his concerns with the CEO, Darrell Huntsman, and the Vice-President of Sales, John Ruggles, during a meeting scheduled for May 16, 2022.

24.   JAGGERS was prevented from doing so. On May 4, 2022, again without reason or explanation, Mr. Robbins informed JAGGERS that he was to attend the May 16, 2022 meeting virtually despite long-established plans for attendance in-person.

25.   Then, just two days later, Mr. Robbins called JAGGERS to inform him that his employment was terminated and, again, with no reason or justification provided.

26.   JAGGERS has retained the undersigned law firm and agreed to pay a reasonable fee for legal services and representation through the litigation.

27.   All conditions precedent have been satisfied and/or waived.

## COUNT I
### (Violation of the Florida Whistle Blower Act)

28.     Plaintiff JAGGERS realleges and adopts by reference ¶¶ 1-27 as if fully set forth herein.

29.     Plaintiff JAGGERS engaged in legally protected activity pursuant to the Florida Whistle Blower Act, Section 448.102(3) of the Florida Statues, when he objected and/or opposed activities and/or practices of F&S that violated the law and/or that he had a good-faith reasonable belief violated the law, including but not limited to General Data Protection Regulations, the Data Protection Law Enforcement Directives of the European Commission and New York privacy laws.

30.     In response to Plaintiff JAGGERS' legally protected activity, F&S took retaliatory adverse employment actions by terminating his employment.

31.     As a result of the retaliatory adverse employment actions, Plaintiff JAGGERS lost wages and the other benefits associated with his employment at F&S. He also suffered non-economic damages such as humiliation, embarrassment and emotional pain and suffering.

WHEREFORE, Plaintiff JAGGERS demands judgment against F&S for lost wages and benefits associated with his employment, actual damages, compensatory/non-economic damages, attorney's fees and costs, injunctive relief, and any such other relief this Court deems proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fla.R.Civ.P. 1.430(b), Plaintiff JAGGERS hereby demands a trial by jury on all issues triable of right by a jury.

<u>/s/ Arthur Schofield, Esq.</u>
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
Telephone: (561) 655-4211
Facsimile: (561) 655-5447
Fla. Bar No. 984434
E-mail: <u>aschofield@flalabor.com</u>

ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**

**From:** Renae Main <rmain@flalabor.com>
**Sent:** Wednesday, October 26, 2022 9:18 AM
**To:** Abbott, Zascha <Zascha.Abbott@lewisbrisbois.com>
**Cc:** Arthur Schofield <aschofield@flalabor.com>
**Subject:** [EXT] SERVICE OF COURT DOCUMENTS, Case No. 502022CA008764XXXXMB AJ

Ms. Abbott:

Good morning. Attached are copies of the documents filed this morning in the above-referenced matter.   Thank you.

Court: 15th Judicial Circuit
Case Number: 502022CA008764XXXXMB AJ
Plaintiff: Robert F. Jaggers, III
Defendant: Frost & Sullivan
Title of Document:
1. Plaintiff's Notice of Email Designation
2. Waiver of Service
Sender's Name: Renae Main for Arthur Schofield, Esq.
Sender's Phone: (561) 655-4211

*Renae Main*

Renae Main, Paralegal
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, FL 33401
(561) 655-4211 Fax: (561) 655-5447
e-mail: rmain@flalabor.com
www.flalabor.com

*********************************************************************************************
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
*********************************************************************************************

Filing # 159978628 E-Filed 10/26/2022 09:09:05 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

**NOTICE OF E-MAIL DESIGNATION IN
COMPLIANCE WITH FLORIDA RULES
OF JUDICIAL ADMINISTRATION 2.516**

      Please take notice that ARTHUR T. SCHOFIELD, P.A. hereby enters its Notice of E-mail Designation pursuant to Florida Rules of Judicial Administration 2.516. The following e-mail addresses are designated for service of pleadings and documents in this lawsuit.

| | |
|---|---|
| **Primary E-mail:** | **aschofield@flalabor.com** |
| **Secondary E-mail:** | **rmain@flalabor.com** |

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic service via the Florida Courts E-filing Portal, in accordance with Administrative Order No. AOSC13-49, and/or via email to: Zascha Abbott, Esq., Zascha.Abbott@lewisbrisbois.com, LEWIS BRISBOIS, 110 S.E. 6th Street, Suite 2600, Fort Lauderdale, Florida 33301, on this 26th day of October 2022.

                         /s/ Arthur Schofield, Esq.
                         ARTHUR T. SCHOFIELD, P.A.
                         Via Jardin Building
                         330 Clematis Street, Suite 207
                         West Palm Beach, Florida 33401
                         Telephone: (561) 655-4211
                         Facsimile: (561) 655-5447
                         Fla. Bar No. 984434
                         E-mail: aschofield@flalabor.com

                         ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.: 502022CA008764XXXXMB AJ

ROBERT F. JAGGERS, III,

      Plaintiff,

vs.

FROST & SULLIVAN, a foreign
corporation,

      Defendant.

_____/

## WAIVER OF SERVICE OF PROCESS

      TO: Arthur Schofield, Esq.

      I acknowledge receipt of your request that I waive service of process in the lawsuit of Robert F. Jaggers, III v. FROST & SULLIVAN in the Circuit Court in and for Palm Beach County, Florida. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

      I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that FROST & SULLIVAN be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

      If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

      COUNSEL FOR FROST & SULLIVAN

      FROST & SULLIVAN will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

---

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on this 24th day of October 2022

*Zascha B. Abbott*
Zascha Abbott, Esq.

ATTORNEY FOR DEFENDANT

ARTHUR T. SCHOFIELD, P.A. ┃ Via Jardin ┃ 330 Clematis Street ┃ Suite 207 ┃ West Palm Beach, FL 33401
(561) 655-4211 ┃ Facsimile (561) 655-5447
www.flalabor.com

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

### STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
### CASE MANAGEMENT PLAN IN CIVIL CASES
### IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
### (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

      3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements.  Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**