UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ROBERT F. JAGGERS,

    Plaintiffs,                    Case No. 22-81843-CIV-CANNON

vs.

FROST & SULLIVAN,

    Defendant.
_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, FROST & SULLIVAN ("Defendant") by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)6), hereby files its Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states the following in support thereof:

1. Plaintiff's Complaint should be dismissed with prejudice in its entirety because it lacks factual allegations sufficient to state a claim upon which relief may be granted.

2. In the Complaint, Plaintiff, Robert F. Jaggers, III ("Plaintiff" or "Jaggers"), purports to bring a claim under the Florida Whistleblower Act, Fla. Stat. § 448.102(3). Plaintiff claims that he was terminated in retaliation for objecting to violations of law by Defendant. (Complaint, ¶ 1). However, based on the plain allegations in the Complaint, the objections made by Plaintiff did not concern the actual violations of any law, rule or regulation as required under Fla. Stat. § 448.102.

3. Plaintiff alleges that prior to his termination, he expressed to Gary Robbins, the person that terminated him, that he believed that fraudulent information was being sold to clients. (Complaint ¶¶12 & 13). In the Complaint, Plaintiff then randomly points to statutes that he believes were violated but makes no allegation that he communicated to Defendant any violation

1

of these statutes. Plaintiff alleges that Fla. Stat. §668.603, California, Article 1.8, Restrictions on Unsolicited E-mail Advertisers; "New York privacy laws," and the General Data Protection Regulation, a European Union data privacy law were all violated by Defendant.

4. Plaintiff fails to allege any facts reflecting how these statutes were violated or why these statutes were violated. None of these statutes have any relation to the possibility of selling fraudulent information to clients, and Plaintiff asserts no facts showing how these statutes could have possibly been violated by Defendant.

5. To the extent that Plaintiff claims that he complained of violations of the General Data Protection Regulation, a European Union data privacy law, it is not considered a law, rule or regulation under the Fla. Stat. Section 448.102.

6. Therefore, Plaintiff has not alleged that he objected to an activity that was actually in violation of a law, rule or regulation. Without this showing, Plaintiff is also unable to allege that a causal link exists.

7. Accordingly, Plaintiff's Complaint fails to allege facts to state a claim upon which relief can be granted under Fla. Stat. §448.102(3) because he is unable to allege a prima facie case of retaliation under Florida Whistleblower Act.

WHEREFORE, in light of the foregoing, and explained in more detail below in the Memorandum of Law in Support, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

## MEMORANDUM OF LAW

**I.  Motion to Dismiss Standard.**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which

it rests." Fed. R. Civ. P. 8(a). The Supreme Court holds that "[w]hile a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "only a Complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In the instant case, even accepting the allegations in the Complaint, as true, the Plaintiff fails to state a claim upon which relief can be granted for retaliation under the Florida Whistleblower Act. Therefore, the Complaint should be dismissed in its entirety.

**I.     The General Data Protection Regulation (GDPR) is not a law, rule or regulation under Fla. Stat. Section 448.102(3).**

The General Data Protection Regulation (GDPR) is not a law, rule or regulation under Fla. Stat. Section 448.102(3). In the Complaint, Plaintiff alleges that he believed that the Defendant violated the GDPR, a European Union, data privacy law. However, the term "law, rule, or

regulation" in the statute does not include laws outside of the United States. As defined by Section 448.101(4), the term law, rule or regulation includes "any statute or ordinance or any rule or regulation adopted *pursuant to any federal, state, or local statute* or ordinance applicable to the employer and pertaining to the business." A statute is a form of positive law enacted by the legislative branch of government. *See Snow v. Ruden, McClosky, Smith, Schuster & Russel, P.A.* 896 So. 2d 787 (Fla. 2nd DCA 2005).

Similarly, an ordinance is a form of statutory law enacted by a local governmental body, such as a county commission or city council. *See id*. A regulation is synonymous to a rule enacted pursuant to the administrative law process; a rule or regulation comes into being as a result of a legislative grant of authority to an executive branch department or agency. Each of these terms- statute, ordinance, rule, and regulation-and their meanings are well known to the legislature. *See id.* "The legislature is presumed to know the meaning of the words it utilizes and to convey its intent by use of specific terms." *Brate v. Chulavista Mobile Home Park Owners Ass'n*, 559 So. 2d 1190, 1193 (Fla. 2d DCA 1990) (quoting *Caloosa Prop. Owners Ass'n v. Palm Beach County Bd. of County Comm'rs*, 429 So. 2d 1260, 1264 (Fla. 1st DCA 1983)). The rules or laws governing and established by the European Union do not flow from either a legislatively enacted statute, ordinance, or administrative rule. Neither do they originate from any similar federal source. Rather, the laws are promulgated by the European Union.

Therefore, because the GDPR, is European Union law, it is not a law, rule, or regulation as defined in Section 448.104. The Private Whistleblower Act does not provide redress for objecting to a violation of law, where the law is formed and promulgated by the European Union. *See Snow v. Ruden, McClosky, Smith, Schuster & Russel, P.A.* 896 So. 2d 787 (Fla. 2nd DCA 2005)(finding that Florida Bar Rule is not law, rule or regulation under Section 448.104). Therefore, Plaintiff's

claim that he objected to a violation of the GDPR (which Defendant denies) is insufficient as a matter of law and should be dismissed.

  **II.** **Plaintiff has not sufficiently alleged a prima facie case of retaliation under the Florida Whistleblower Act, Fla. Stat. § 448.102(3).**

To establish a prima facie case under the Florida Whistleblower Act, a Plaintiff must prove that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *See Berber v. Wells Fargo,* 2019 U.S. Dist. Lexis 227497 (S.D. Fla. 2019); *Bell v. Ga.-Pac. Corp.,* 390 F. Supp. 2d 1187-88 (M.D. Fla.2005). Plaintiff has not sufficiently alleged that he engaged in statutorily protected expression. And without this showing, Plaintiff is unable to sufficiently allege a causal link thereto. Accordingly, based on the allegations in the Complaint, Plaintiff is unable to establish prima facie case, and the Complaint should be dismissed.

  **A. Plaintiff's Complaint should be dismissed because Plaintiff has failed to sufficiently allege that he engaged in statutorily protected expression.**

The allegations in the Complaint, do not sufficiently allege that any law, rule or regulation was actually violated, and therefore, the Complaint should be dismissed. *See See Berber v. Wells Fargo,* 2019 U.S. Dist. Lexis 227497 (S.D. Fla. 2019); *Graddy v. Wal-Mart Stores East, LP*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017) (the text of the FWA "does not provide protection to employees for 'alleged' or 'suspected' violations of the law"); *see, e.g.*, *Smith v. Psychiatric Solutions*, 358 Fed. App'x. 76, 78 (11th Cir. Dec. 21, 2009) (the Court in the Northern District of Florida "correctly applied the actual violation standard as opposed to the good faith belief standard" and denying motion to certify question to the Supreme Court), *cert. denied*, 130 S. Ct. 3293 (2010).

Florida Statute Section 448.102(3) provides that it is unlawful for an employer to retaliate

5

against an employee because the employee has "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer that is in violation of a law, rule, or regulation." Section 448.103(c) provides that "[a]n employee may not recover in any action brought under [the act] . . . if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act." Fla. Stat. § 448.103(c). The FWA "is plainly worded as requiring the plaintiff to prove conduct that is in violation of the law, and courts have held that in conformity with the plain wording of the statute, an actual violation of law is required." *Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 458 (Fla. 2d DCA 2015) (emphasis in original); *see also Blanco v. Transatlantic Bank*, Case No. 07- 20303, 2008 WL 11333694 at *9 (S.D. Fla. June 18, 2008) (holding that plaintiff had not established an actual violation as required under the FWA); *See Berber v. Wells Fargo,* 2019 U.S. Dist. Lexis 227497 (S.D. Fla. 2019); *Hernandez v. Mohawk Indus., Inc.*, Case No. 6:08-cv-927-Orl-28GJK, 2009 WL 3790369, at *7, n.19 (M.D. Fla. Nov. 10, 2009) ("a plaintiff must prove that the activity, policy or practice objected to is, in fact in violation of a law, rule or regulation").

In the Complaint, it is abundantly clear that Plaintiff has failed to allege that he complained of conduct or an activity that was an actual violation of law. Even worse, Plaintiff cites laws in the Complaint, which are unrelated to the alleged objection he claims to have made and cannot possibly support the allegation subject of his objection. (See Complaint 15, 21, and 22). Nor does Plaintiff allege any facts reflecting how the laws he cites in the Complaint were violated. Plaintiff does not allege any facts sufficient to show that any alleged law, rule or regulation was violated whatsoever. In fact, Plaintiff even quotes the California law on Advertising and the Florida SPAM law in the Complaint, which on their face, do not apply to electronic communications sold to clients. Instead, they apply to advertisements and unsolicited electronic communications. *See* Cal

6

Bus & Prof Code § 17529.5; Florida Statute §668.603(1).

Plaintiff alleges that he expressed his concerns to Gary Robbins that Defendant was selling fraudulent information. (Complaint, ¶ 12 & 13). Plaintiff further alleges that he "had several conversations" with Gary Robbins, about his concerns that Defendant was selling its clients fraudulent information. (Complaint, ¶ 12). Plaintiff alleges that the fraudulent information stemmed from the Pipeline Accelerator lead generation product at Defendant, and more specifically the leads or contacts being sold to clients generated by third parties known to be fraudulent. (Complaint, ¶ 13). He alleges that even the legitimate leads from third parties had not been directed to Defendant's website to agree to the terms and conditions that would be passed on the client. (Complaint, ¶ 14).

Based on those allegations, Plaintiff alleges that he believed Defendant violated the following statutes: Fla. Stat. §668.603, California, Article 1.8, Restrictions on Unsolicited E-mail Advertisers; "New York privacy laws,[1]" and the General Data Protection Regulation, a European Union data privacy law. However, Plaintiff's allegations make no showing whatsoever on how any of those statutes were violated. Plaintiff also does not allege that he mentioned any of these laws to Gary Robbins when he expressed concerns/objections. (Complaint, Paragraph 13 &14).

There are no allegations in the Complaint reflecting how these laws were violated or how these laws could have applied to Defendant's actions. Nor are there any allegations that the personal data of anyone was compromised. The objection made by Plaintiff (Defendant denies any objection was made) was relating to information sold to clients that may have been fraudulent.

In the Complaint, Plaintiff even quotes Florida Statute Section 668.603 and California,

---

[1] Plaintiff does not cite to an actual New York statute but does not make any showing of a privacy violation that he objected to in the allegations of the Complaint.

7

Article 1.8; 17529.9. Neither statute applies to the concerns that Plaintiff shared with Gary Robbins as he alleges. Florida Statute Section 668.603(1) applies to persons initiating or assisting in the transmission of an unsolicited commercial electronic mail messages in Florida. *See* Florida Statute Section 668.603(1). And, Cal Bus & Prof Code § 17529.5 imposes restrictions on advertising in unsolicited commercial e-mail advertisements sent from or to a computer within California. *Silverstein v. Ketterer, Browne & Anderson, et al*, 2021 Cal. Super. LEXIS 43039 (Sup. Cal. 2021); *see also Rodowski v. Guthy Renker*, 230 Cal. App. 4th 1403 (Cal. 2nd App. 2014). Unsolicited electronic communications or advertisements, are not concerns that Plaintiff brought forth, as alleged in the Complaint. (Complaint, Paragraph 12). Plaintiff's Complaint is devoid of factual allegations claiming that there were concerns on advertisements or unsolicited SPAM e-mail. Plaintiff does not allege that he complained because any unsolicited e-mails were sent to clients. Nor does he allege that he complained about any of the Defendant's advertisements. To the contrary, Plaintiff alleges that he complained relating to information **sold** to clients, which may contain fraudulent information. However, he cites to no law, rule or regulation, reflecting that selling information that may contain fraudulent information is illegal. Plaintiff does not allege that he made any other complaint or objection.

Therefore, because it is clear that Plaintiff has not alleged any facts to show that Plaintiff objected to any act which was a violation of a law, rule or regulation, Plaintiff cannot establish that he engaged in protected activity. Therefore, his claim should be dismissed with prejudice because Plaintiff has failed to state a prima facie case.

    **B. Plaintiff cannot establish a causal link to protected expression and therefore the Complaint should be dismissed.**

As explained above, fully incorporated herein by reference, Plaintiff has not satisfied the requisite element of alleging that he engaged in statutorily protected expression. Therefore,

8

based on these allegations, Plaintiff will be unable to establish that there was a causal link to same. For this reason as well, Plaintiff's Complaint should be dismissed. See *Butterworth v. Lab. Corp. of Am. Holdings*, 581 Fed. Appx. 813, 2014 U.S. App. LEXIS 19680 (11th Cir. Fla. 2014) (employer was properly granted summary judgment on the employee's claim for retaliatory termination under the Florida Whistleblower Act where employee was unable to show a causal link between the adverse action and the protected expression.)

### III. Conclusion

Accordingly, in light of the above, Defendant respectfully requests that the Motion to Dismiss be granted

**Dated**: January 6, 2023

Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

*/s/ Zascha B. Abbott*
Zascha B. Abbott (FBN: 614671)
E-mail: Zascha.Abbott@lewisbrisbois.com
Jonathan A. Beckerman, Esq. (FBN 568252)
Email: Jonathan.Beckerman@lewisbrisbois.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2023, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ *Zascha Abbott*
Zascha Abbott, Esq.